IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALYON JEROME ORR,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | No. C 11-4923 WHA (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS** |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## STATEMENT

Petitioner was convicted in Santa Clara County Superior Court of burglary, receiving stolen property, and sentence enhancements for two prior strike convictions. On appeal, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. Petitioner then filed habeas petitions in all three levels of the California courts, but the petitions were denied. Thereafter, petitioner filed the instant federal habeas petition.

## ANALYSIS

**A. STANDARD OF REVIEW**

A federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims: (1) evidence of his prior arrests was improperly admitted; (2) trial counsel was ineffective in failing to sufficiently object to the admission of such evidence and in admitting to petitioner's guilt of receiving stolen property during closing argument; (3) there was insufficient evidence to support his conviction; (4) counsel was ineffective in failing to challenge palm-print evidence; (5) the prosecutor committed misconduct by failing to collect and preserve relevant evidence and in vouching for the credibility of its witnesses; (6) the trial court violate his right to due process by admitting evidence of his prior arrests; (7) trial and appellate counsel were ineffective in failing to raise errors in the jury instructions; and (8) the cumulative effect of the foregoing errors caused prejudice. Petitioner's claims, when liberally construed, are cognizable. Respondent may address the first and sixth claims jointly if he so chooses.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

2

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on
2  the claims found cognizable herein.  Respondent shall file with the answer and serve on
3  petitioner a copy of all portions of the state trial record that have been transcribed previously
4  and that are relevant to a determination of the issues presented by the petition.

5       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6  court and serving it on respondent within thirty days of the date the answer is filed.

7       3.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds
8  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
9  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
10 court and serve on respondent an opposition or statement of non-opposition within thirty days
11 of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
12 reply within fifteen days of the date any opposition is filed.

13      4.  Petitioner is reminded that all communications with the court must be served on
14 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
15 keep the court informed of any change of address and must comply with the court's orders in a
16 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
18 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19      5.  Leave to proceed in forma pauperis (docket number 2) is **GRANTED** in light of
20 petitioner's lack of funds.

21      **IT IS SO ORDERED.**

22 Dated: October   28  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\ORR4923.OSC.wpd

3